UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM J. HARRIS,
    Plaintiff,

v.

TOMTEC INC., and THOMAS ASTLE,
    Defendants.

No. 3:14-cv-00625 (JAM)

### ORDER COMPELLING DISCOVERY AND SANCTIONS

This is a discovery dispute involving four related but separately filed cases that I functionally treat as one for purposes of this ruling. *See Arciuolo v. Tomtec et al.*, 3:14cv624 (JAM); *Harris v. Tomtec et al.*, 3:14cv625 (JAM); *Mancini v. Tomtec*, 3:14cv626 (JAM); *Tomlin v. Tomtec*, 14cv627 (JAM). The purpose of this ruling is to explain why I will order discovery and impose sanctions on plaintiffs' counsel.

#### BACKGROUND

Defendants served plaintiffs with interrogatories and requests for production of documents on March 20, 2015. Responses were due on April 20, 2015, but plaintiffs did not respond within the required 30 days. Plaintiffs did not seek an extension of time from defendants or from the Court. On April 24, 2015, defendants wrote to plaintiffs requesting the production of the overdue discovery responses by May 1, 2015. Plaintiffs requested an extension of time until June 1, 2015. Defendants consented to an extension only until May 19, 2015. Plaintiffs did not produce the discovery responses on May 19, 2015, and upon inquiry by defendants advised that they would need 30 more days—presumably until June 18, 2015. Defendants declined to grant a further extension and suggested that plaintiffs file a motion to seek any relief from the Court. No motion was filed.

On May 28, 2015, defendants filed motions to compel. Doc. #25. These motions were denied on June 1, 2015, for failure of defendants to comply with my instructions for resolution of

discovery disputes, and the parties were directed to confer again and then contact chambers to schedule a teleconference if necessary to resolve any remaining dispute. Doc. #28. Defendants' counsel left voicemail messages with plaintiffs' counsel on June 1 and June 5, 2015, but received no response.

In anticipation of today's teleconference, defendants then filed a letter with the Court on June 15, 2015, recounting the failure of plaintiffs to respond to discovery. Doc. #28. Plaintiffs responded by letter on June 17, 2015, stating in part that "discovery compliance" is "substantially underway" and that "all written discovery responses by the plaintiffs can be provided to the defendants by July 15, 2015." Doc. #29.

## DISCUSSION

No satisfactory explanation has been offered by plaintiffs for their failure to timely respond to discovery or to seek relief in the first instance from the Court if they were unable to comply when required. Accordingly, plaintiffs shall fully respond to defendants' discovery requests on or before Wednesday, July 1, 2015, subject to the withholding of any documents that are properly subject to a claim of privilege or in response to requests (if any) that very clearly seek information that is not relevant or that very clearly would be too burdensome to produce in light of available alternatives.

The conduct of the plaintiffs in this case—involving a basic failure to communicate with opposing counsel and to comply with discovery and other filing requirements—is highly similar to other cases before me in which Attorney Palmieri has appeared as counsel. The pattern is similar. First, there is a failure to produce discovery (or to comply with some other requirement) and then a failure to timely respond to multiple inquiries by opposing counsel. This leads to opposing counsel seeking relief from the Court, and only then does Attorney Palmieri promise to comply by some future date.

Although I have not previously imposed sanctions on Attorney Palmieri, I have previously encouraged him to reform his case management practices and warned that failure to comply with basic scheduling requirements could lead to the imposition of sanctions. *See, e.g., Sliwinski v. Burns*, 14cv442 (Doc. #49) (docket order of April 15, 2015, ordering production of overdue discovery and noting that "[a]s discussed during the teleconference, the Court is concerned with Attorney Palmieri's non-responsiveness to communication from opposing counsel and recommends that Attorney Palmieri take active measures to address his ability to respond to the demands of his caseload"); *Myers v. Dianon Systems, Inc.*, 14cv338 (Doc. # 19) (docket order of August 15, 2014 requiring Attorney Palmieri to comply with Rule 26(f) filing requirements and noting that "[i]n view of Attorney Palmieri's regular practice of failing to comply with basic scheduling orders in many cases before this Court, Attorney Palmieri is advised that any future violations of the Court's scheduling orders in this case and other cases may result in sanctions and/or dismissal of his cases").

Nor am I the only judge of this District that has encountered difficulties with Attorney Palmieri. *See, e.g., Longobardi v. United States*, 2014 WL 5242791, at *3 (D. Conn. 2014) (Haight, J.) (noting prior warning for non-compliance with discovery and that "[i]n spite of that admonishment, Attorney Palmieri has continued to ignore his client's discovery obligations, protracted this litigation further, and displayed a disappointing lack of professional courtesy to opposing counsel"); *Lee v. Verizon Wireless*, , 2007 WL 3232590, at *2 (D. Conn. 2007) (Nevas, J.) (imposing sanctions on basis of Attorney Palmieri's "dilatory tactics" and "inaction and delay [that] are detrimental" to his client's case and that "do not relate to his role as [plaintiff's] advocate").

For a plaintiff who seeks relief through the court system, it is not too much to ask that the plaintiff—and his or her counsel—cooperate with respect to pre-trial discovery and other court-filing requirements. I do not doubt that Attorney Palmieri has many personal and professional

demands on his time. But this is true for the vast majority of attorneys who practice before this Court. Responsible attorneys structure their affairs to meet their professional obligations to the Court and, if unable to do so, they seek relief from the Court by way of motion explaining the reasons that they need more time. They do not ignore calls and emails from opposing counsel and impose the cost and burden on the opposing party to seek compliance with basic discovery and filing obligations.

I do not conclude that Attorney Palmieri has acted in bad faith, and I do not seek to impose sanctions as a punishment. But his chronic inattention amounts to basic litigation requirements amounts at the least to gross negligence, it takes little account of the rights and concerns of others.

Here, I can see no reason why defendants should have to pay their attorney to litigate the failure of Attorney Palmieri to comply with discovery demands. Accordingly, pursuant to Fed. R. Civ. P. 37(a)(5)(A) and 37(b)(2)(C) and in light of all the factors that should be considered before ordering sanctions, I will require Attorney Palmieri to pay defendants' counsel within 30 days for the reasonable costs incurred by defendants in the preparation and filing of their motions to compel and their letter to the Court of June 15, 2015. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009); *see also* D. Conn. L. Civ. R. 16(g)(1) ("It shall be the duty of counsel to promote the just, speedy and inexpensive determination of every action. The Court may impose sanctions directly against counsel who disobey an order of the Court or intentionally obstruct the effective and efficient administration of justice.").

Absent any evidence to suggest that his clients have been responsible for the delay in this case, Attorney Palmieri shall personally assume this financial obligation and not pass this cost on to his clients. Indeed, it is only right that Attorney Palmieri's clients should be aware of the difficulties that his conduct has caused in the litigation of their cases—and that additional failures to comply with his professional obligations may result in dismissal of their cases.

Accordingly, I will require that Attorney Palmieri promptly mail a copy of this ruling to each of his clients so that they are aware of the concerns that I have outlined about his litigation practices. *See Longobardi*, 2014 WL 5242791, at *3 (imposing same requirement). Attorney Palmieri shall then file on the Court's docket by July 1, 2015, a signed acknowledgment from each client that they have received a copy of this Order.

## CONCLUSION

For the reasons set forth above, the Court enters the following orders:

(1) Plaintiffs shall respond to the outstanding discovery responses by July 1, 2015;

(2) Upon adequate proof to be submitted to Attorney Palmieri by defendants' counsel, Attorney Palmieri shall pay the reasonable attorneys' fees expended by defendants' counsel to prepare the motions to compel and the letter to the Court of June 15, 2015. Such fees may not exceed $1,200.

(3) Attorney Palmieri shall forthwith furnish a copy of this Order to each of his clients and shall file on the Court's docket by July 1 a signed acknowledgment by each of his clients that they have received a copy of this Order.

It is so ordered.

Dated at Bridgeport this 18th day of June 2015.

/s/     *Jeffrey Alker Meyer*
          Jeffrey Alker Meyer
          United States District Judge

5